UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VIRGINIA HERBERT

    Plaintiff,

    vs.

CIVIL ACTION NO.:

RED LION HOTELS
CORPORATION, D/B/A RLH
CORPORATION, D/B/A HOTEL RL
AND MAINSAIL PROPERTY
MANAGEMENT, LLC

    Defendants

---

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiff Virginia Herbert asserts claims for unpaid minimum wages on behalf of herself and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendant Red Lion Hotels Corporation, d/b/a RLH Corporation, d/b/a Hotel RL and Mainsail Property Management, LLC, due to Defendants' actions of taking a "tip credit" and paying them less than $7.25 per hour, but requiring them to share a portion of their tips with

Defendants' management staff. In so doing, Defendants acted in a coordinated and calculated scheme and, with a common practice and purpose, deliberately and willfully violated Plaintiff's and the putative FLSA Collective Classes' rights under the FLSA.

1. Plaintiff Herbert defines the Class as follows:

> All persons employed by Defendants since October 2016 who were subjected to an invalid tip credit policy because they were required to share a portion of their tips with Defendants' owners and managers in violation of the FLSA.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Herbert at all times pertinent hereto was a resident of the State of Florida and worked for Defendants as a bartender from December 2018 to August 2019.

2

5. While working for Defendants as a bartender, Plaintiff was subjected to Defendants' policy of taking a "tip credit" and therefore not paying her the regular federal minimum wage of $7.25 per hour or the Florida minimum wage of $8.46 per hour.

6. However, Defendants also required her to share a portion of her tips with Defendants' managers, in violation of the "tip credit" provisions of the FLSA.

7. In this manner, Plaintiff Herbert did not receive all minimum wage pay she was owed for all hours that she worked.

8. Named Defendants herein are

   a. Defendant Red Lion Hotels Corporation, a foreign corporation authorized to and doing business in the County of Okaloosa, State of Florida under the names RLH Corporation and/or Hotel RL; and

   b. Mainsail Property Management, LLC, a Florida corporation authorized to and doing business in the County of Okaloosa, State of Florida.

**FACTUAL BACKGROUND**

9. All previous paragraphs are incorporated as though fully set forth herein.

10. Plaintiffs and the putative FLSA Collective Action Plaintiffs were hired by Defendants to work in as waitresses and bartenders in the Island Hotel in Fort Walton Beach, Florida.

11. Defendant Red Lion Hotels Corporation is the owner and operator of the Island Hotel in Fort Walton Beach, Florida where Plaintiff and the putative FLSA Collective Action Plaintiffs worked.

12. Defendant Mainsail Property Management, LLC was directly responsible for managing that property.

13. Both Defendant Red Lion Hotels Corporation and Defendant Mainsail Property Management, LLC were responsible for hiring, firing, supervising, issuing payment to Plaintiff and the putative Collective Action Plaintiffs and implementing the employment and payroll policies complained of herein.

14. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were "engaged in the production of goods" for

commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

16. Specifically, Defendants served customers who traveled interstate, used materials and food products from out of state in their products and utilized interstate wires to make financial transactions as a routine part of their business and the services provided to Defendants by Plaintiff and the members of the FLSA Collective Action Class were an integral part of Defendants' interstate business.

17. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Class were the "employees" of Defendants within the meaning of FLSA.

18. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times material hereto, the work performed by the Plaintiff and the members of the FLSA Collective Action Class was directly essential to the business performed by Defendants.

21. In calculating the rate of pay for Plaintiff and the members of the proposed class, Defendants took a "tip credit", meaning that they offset the minimum wage they paid to Plaintiff and the members of the proposed class by the tips that those employees received.

22. However, Defendant also required Plaintiff and the members of the proposed class to share a portion of their tips with Defendants' managers.

23. In order to take a "tip credit" and therefore be relieved of having to pay Plaintiff and the members of the proposed class the statutorily mandated minimum wage per hour, Defendants were prohibited from taking these employees' tips.

24. In requiring Plaintiff and the members of the proposed class to share a portion of their tips with management, Defendants violated this provision of the FLSA and therefore, its efforts to take a "tip credit" are invalid.

25. Accordingly, Plaintiff and the members of the proposed class are entitled to payment of the difference between their hourly rate of pay and the federal minimum wage (including any overtime pay that was improperly paid at the "tip credit amount of pay") and also to the return of any tips improperly "kicked back" to Defendants.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings the claims for unpaid minimum wages asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

27. Plaintiff's claims for violations of the FLSA's minimum wages may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime and minimum wage claims asserted by Plaintiff is similar to the claims for unpaid minimum wages of the members of the Plaintiff's respective proposed Collective Action Class.

28. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without minimum wage compensation.

29. Plaintiff is representative of the other current and former employees that comprise their respective proposed Collective Action Class and are acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

30. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

31. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

32. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL MINIMUM WAGE REQUIREMENTS

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Defendant is an employer covered by the minimum wage mandates of the FLSA, and Plaintiff and the proposed class were entitled to the FLSA's minimum wage protections.

35. Specifically, the FLSA also requires that employees must be paid a minimum hourly wage during an applicable pay period. 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

36. Defendants violated the FLSA by failing to pay Plaintiff and the proposed class the legally mandated minimum wage for every hour that they worked.

37. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the proposed class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

38. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the proposed class at the federally-mandated minimum wage for all hours worked when they knew, or should have known, such was and is due.

40. Defendants have failed to properly disclose or apprise Plaintiff and the proposed class of their rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the proposed class suffered lost minimum wage plus liquidated damages.

42. Plaintiff and the proposed class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

43. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

44. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

## RESERVATION OF RIGHTS

45. Plaintiff reserves her rights to file additional state and/or federal claims based upon Defendants' discrimination, harassment and retaliation against her.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Virginia Herbert, prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the proposed FLSA Collective Action Class and against Defendant for all damages reasonable in the premises, and demands a judgment containing the following:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Enjoining prohibiting Defendants from engaging in future minimum wage pay or other FLSA violations;

c. Awarding Plaintiff and the proposed FLSA Collective Action Class minimum wage and other compensation for the hours worked for Defendants;

d. Awarding Plaintiff and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the minimum wage compensation award;

e. Awarding Plaintiff and the proposed FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff and the proposed FLSA Collective Action Class pre-judgment interest and all other interest to which they are entitled;

g. Awarding Plaintiff and the proposed FLSA Collective Action Class all other relief to which they are entitled.

Dated: October 18, 2019

Respectfully submitted,

/s/ *Mary Bubbett Jackson*

Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F:  (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff